STEELE LLP
John C. Steele, State Bar No. 179875
17272 Red Hill Avenue
Irvine, California 92614
Telephone: 949.222.1161
Fax:  949.221.9500
Email:  jsteele@steelellp.com

Attorneys for Defendant
MTC FINANCIAL INC. dba TRUSTEE CORPS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR YERKANYAN,<br><br>Plaintiff,<br><br>v.<br><br>MTC FINANCIAL INC. DBA TRUSTEE CORPS, AND REAL TIME RESOLUTIONS, INC., and DOES 1-10,<br><br>Defendants. | Case No.: 8:25-cv-00813-CBM-KES<br><br>**DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**[Rule 12(B)(6)]**<br><br>[Filed Concurrently with Request for Judicial Notice and [Proposed] Order]<br><br>Assigned to Hon. Consuelo B. Marshall<br><br>Hearing Date: June 10, 2025<br><br>Hearing Time: 10:00 a.m.<br><br>Ctrm: 8D |

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN**:

**PLEASE TAKE NOTICE** that on June 10, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8D of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, defendant MTC Financial,

Steele LLP

Inc. dba Trustee Corps ("Trustee Corps" or "Defendant") will move this Court for an order dismissing the Complaint of Plaintiff EDGAR YERKANYAN ("Plaintiff").

This Motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(6) on the ground that the entire Complaint and the 2nd, 3rd, 4th, 5th, 6th, and 7th purported causes of action asserted therein against Trustee Corps fails to state a claim upon which relief can be granted against Defendant.

This Motion is based on this Notice of Motion and Motion, Trustee Corps.' concurrently filed Request for Judicial Notice, the additional documents submitted therewith, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing. This Motion seeks dismissal of Plaintiff's Complaint in its entirety and with prejudice.

This motion is made following the conference of counsel and Plaintiff pursuant to L.R. 7-3 which took place on May 1, 2025, at approximately 10:00 a.m., via telephone.

Date:  May 9, 2025

STEELE LLP

_____
John C. Steele
Attorneys for Defendant
MTC Financial Inc. dba Trustee Corps

---

# **TABLE OF CONTENTS**

I.    INTRODUCTION …………………………………...…………………………………1

II.   STATEMENT OF FACTS……………………………………………………………..1

III.  LEGAL STANDARD………………………...……………………..………………...3

IV.   PLAINTIFF'S CLAIMS AGAINST TRUSTEE CORPS ARE BARRED BY THE TRUSTEE PRIVILEGE………………………………………………………………………………3

    A.  The Absolute Privilege……………………………………………………………4

    B.  The Qualified Privilege……………………………………………………………5

    C.  Plaintiff's Claims Against Trustee Corps Fail No Matter Which Privilege Applies…………………………………...……………………………………………5

V.    PLAINTIFF'S CLAIMS AGAINST TRUSTEE CORPS FAIL AS TRUSTEE CORPS IS AFFORDED IMMUNITY UNDER "AGENT'S IMMUNITY RULE" FOR ITS CONDUCT AS AN AGENT FOR A DISCLOSED PRINCIPAL…………………………………….8

VI.   PLAINTIFF FAILED TO ALLEGE ANY VIABLE CLAIM AGAINST TRUSTEE CORPS..9

    A.  The Second and Sixth Cause of Action for Violation of Rosenthal Fair Debt Collection Practices Act Fails………………………………………………………...9

    B.  The Third Cause of Action for California Unfair Competition Law Fails……………10

    C.  The Fourth Cause of Action for Declaratory Relief Fails……………………….11

    D.  The Fifth Cause of Action for FDCPA Fails…………………………………..12

    E.  The Seventh Cause of Action for Breach of Implied Covenant Fails………………13

VII.  CONCLUSION………….....................................................................14

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                    **<u>Page(s)</u>**

*Action Apartment Ass'n, Inc. v. City of Santa Monica*,
  41 Cal.4th 1232, 1242 (Cal. 2007)………………………………………………5

*Allied Anesthesia Med. Grp., Inc. v. Inland Empire Health Plan*,
  (2022) 80 Cal. App. 5th 794, 813………………………………………………11

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696, 699 (9th Cir. 1988)………………………………………………..3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 555 (2007)………………………………………………………...3

*Black v. Bank of America*,
  (1995) 30 Cal.App.4th 1………………………………………………………….8

*Blue Novis, Inc. v. United States All. Grp., Inc.*,
  No. SACV 20-01280JVS(DFMx), 2021 U.S. Dist. LEXIS 20936, at *13 (C.D. Cal. Jan. 27, 2021)………………………………………………………………………11

*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336, 337-38 (9th Cir. 1996)……………………………………………..3

*Clark v. Countrywide Home Loans, Inc.*,
  732 F.Supp.2d 1038, 1048 (E.D. Cal. 2010)……………………………………9

*Conley v. Gibson*,
  355 U.S. 41, 45-45-46 (1957)……………………………………………………3

*Cisneros v. Instant Capital Funding Group, Inc.*,
  263 F.R.D. 595, 610 (E.D. Cal. 2009)…………………………………………...6

*Citrus El Dorado, LLC v. Chicago Title Co.*,
  32 Cal.App.5th 943, 949 (2019)………………………………………………..7

*Fleisher v. Continental Auxiliary Co.*,
  215 Cal.App.2d 136, 138-140 (1963)……………………………………………7

*Fonteno v. Wells Fargo Bank, N.A.*,

228 Cal. App.4th 1358 (2014)…………………………………………………………7

Garretson v. Post,

156 Cal.App.4th 1508 (2007)………………………………………………………..6

Guz v. Bechtel National, Inc.,

24 Cal.4th 317, 349 (2000)……………………………………………………...13

Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga,

175 Cal.App.4th 1306, 1344 (2009)………………………………………………13

Hamilton v. Greenwich Investors XXVI, LLC,

195 Cal.App.4th 1602, 1614 (2011)………………………………………………13

Ho v. Recontrust Co., NA,

858 F.3d 568, 572 (9th Cir. 2016)………………………………………………12

Hovey v. F.S.B.,

2022 WL 18216093,*4 (C.D. Cal., 2022)…………………………………………..9

Jacobson v. Balboa Arms Drive Tr.,

No. 10-CV-2195-JM (RBB), 2011 U.S. Dist. LEXIS 80281, at *32 (S.D. Cal. Apr. 4, 2011)………………………………………………………………………………...8

Jet Source Charter, Inc. v. Gemini Air Grp., Inc.,

No. 07CV433 JLS (JMA) (2007), 2007 U.S. Dist. LEXIS 85308, at *4-6 (S.D. Cal. Nov. 19, 2007)………………………………………………………………………...3

Kachlon v. Markowitz,

168 Cal. App. 4th 316, 334 (Cal. App. 2d Dist. 2008)…………………………3,4,5

Karen Smith v. US Bank, N.A.,

2012 WL 13012651, *2 (C.D. Cal. 2012)…………………………………………12

Krantz v. BT Visual Images, L.L.C.,

89 Cal.App.4th 164, 178 (2001)…………………………………………………...10

Kwikset Corp. v. Superior Court,

51 Cal.4th 310, 322 (cal. 2011)…………………………………………………10

Mills v. JP Morgan Chase Bank, N.A.,

No. 1:16-cv-00665-DAD EPG, 2016 U.S. Dist. LEXIS 118469, at *11 (E.D. Cal. Aug. 31, 2016)..............................................................................................................10

*Namvar v. Credit Suisse First Boston Mortgage Securities Corp.,*

2016 WL 11000052 (C.D. California)...........................................................5,6

*Neizke v. Williams,*

490 U.S. 319, 327 (1989)..............................................................................3

*Obduskey v. Wells Fargo,*

879 F.3d 1216, 1219 (10th Cir. 2018)...........................................................12

*Panoutsopoulos v. Chambliss,*

(2007) 157 Cal. App. 4th 297, 304)..............................................................8

*Rockridge Trust v. Wells Fargo, N.A.,*

985 F. Supp. 2d 1110, 1145 (N.D. Cal. 2013)...........................................3,4,5, 14

*Rodriguez v. JP Morgan Chase & Co,*

809 F.Supp.2d 1291, 1295 ( S.D. Cal 2015).................................................5

*Schep v. Capital One, N.A.,*

12Cal.App.5th 1331, 1336 (2017)................................................................9

*Silberg v. Anderson,*

50 Cal.3d 205 (Cal. 1990)............................................................................5

*Storek & Storek, Inc. v. Citicorp Real Estate, Inc.,*

100 Cal.App.4th, 44, 55 (1992)...................................................................13

*United States ex rel. Chunie v. Ringrose,*

788 F.2d 638, 643 n. 2 (9th Cir. 1896)..........................................................3

*Webb v. Indymac Bank Home Loan Servicing,*

2010 U.S. Dist. LEXIS 6595, (E.D. Cal. 2010)............................................6

**Statutes**

Business and Professions Code § 17200...................................................10

Business and Professions Code § 17204...................................................10

Cal. Civil Code § 47...............................................................................4,5,8

Cal. Civil Code § 47(b)(3)……………………...…………………………………………4

Cal. Civil Code § 47(c)………………………...…………………………………………5

Cal. Civil Code § 1788.17…………………………………………………………..9,10

Cal. Civil Code § 2924(b)…....…………………….…………………………………1,4,5,7

Cal. Civil Code § 2924(d)…...……………….…………………….....................1,4,5,6,7,8

Federal Rule of Civil Procedure ("FRCP") 12(b)(6)……………………………………1,3

15 U.S.C. § 1692a(g)…………………………………………………………..12

15 U.S.C. § 1692f(6)…………………………………………………………..12

15 U.S.C. § 1692b…………………………………………………………...10

15 U.S.C. § 1692j…………………………………………………………...10

15 U.S.C. § 1692k…………………………………………………………...10

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Defendant MTC Financial Inc. dba Trustee Corps ("Trustee Corps" or

3 "Defendant") respectfully submits this Memorandum of Points and Authorities in

4 Support of its Motion to Dismiss the Complaint of Plaintiff EDGAR YERKANYAN

5 ("Plaintiff") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), on the

6 grounds that Plaintiff's Complaint fails to state any claim against Trustee Corps upon

7 which relief may be granted.

8 ## I.    INTRODUCTION

9      Plaintiff has included Trustee Corps as a defendant in this lawsuit solely because

10 Trustee Corps recorded the initial Notice of Default and subsequent Notice of Sale at the

11 behest of the beneficiary, RRA CP Opportunity Trust 1 and its attorney-in-fact and loan

12 servicer, co-Defendant Real Time Resolutions, Inc.  However, Plaintiff's claim against

13 Trustee Corps arises solely from actions taken by Trustee Corps as part of the foreclosure

14 process.  As the nonjudicial foreclosure trustee, Trustee Corps was privileged to record

15 nonjudicial foreclosure documents like the Notice of Default and Notice of Sale and its

16 actions cannot form the basis of liability. *See* Civil Code section 2924(b) and (d).

17      The allegations of Plaintiff's Complaint are insufficient to allege any wrongdoing

18 or violation by Trustee Corps with the specificity required by law. Accordingly,

19 Plaintiff's entire Complaint should be dismissed with prejudice.

20 ## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

21      On September 7, 2005, the trustor, Plaintiff EDGAR YERKANYAN, obtained a

22 loan from Countrywide Bank, N.A. ("Countrywide"), by signing a promissory note in the

23 principal amount of $73,400.00 (the "Note").  The Note was secured by deed of trust

24 encumbering the Property and recorded on September 12, 2005 (the "Deed of Trust").

25 (*See* the concurrently filed Request for Judicial Notice ("RJN"), Ex. 1.)  Under the terms

26 of the Deed of Trust, Mortgage Electronic Registration Systems, Inc. ("MERS") was

27 named the nominal beneficiary, and CTC Real Estate Service was named the initial

28 Trustee. (*Id*.)

Steele LLP

On December 8, 2014, MERS assigned all beneficial interest in the Loan and Deed of Trust to The Bank of New York Mellon FKA The Bank of New York, as Successor to JPMorgan Chase Bank, N.A., as Trustee for the Certificateholders of CWHEQ Revolving Home Equity Loan Trust, Series 2006-E ("BNYM").  The Corporate Assignment of Deed of Trust was recorded on January 8, 2015 in the Official Records of the Los Angeles County Recorder's Office. (*See* RJN, Ex. 2).

On May 22, 2017, BNYM assigned all beneficial interest in the Loan and Deed of Trust to RRA CP OPPORTUNITY TRUST 1 ("RRA"), of which Corporate Assignment of Deed of Trust was recorded on June 16, 2017 in the Official Records of the Los Angeles County Recorder's Office. (*See* RJN, Ex. 3).

On March 28, 2023, Defendant Real Time Resolutions, Inc. ("Real Time"), executed a Substitution of Trustee as attorney-in-fact for RRA naming Trustee Corps as the foreclosure trustee, and recorded the Substitution of Trustee on April 5, 2023, in the Official Records of the Los Angeles County Recorder's Office.  (*See* RJN, Ex. 4.)

Plaintiff stopped making timely monthly mortgage payments and Trustee Corps initiated foreclosure proceedings on behalf of RRA and Real Time by causing a Notice of Default to be recorded on April 7, 2023, in the Official Records of the Los Angeles County Recorder's Office.  (*See* RJN, Ex. 5.)

Following Plaintiff's failure to cure this default, on October 2, 2024, a Notice of Trustee's Sale was recorded against the Property noticing a foreclosure sale date of November 5, 2024.  (*See* RJN, Ex. 6.)

On April 18, 2025, Plaintiff filed the instant action naming Trustee Corps as a defendant and alleging 6 causes of action against Trustee Corps: (1) Second Cause of Action for Violation of Rosenthal Fair Debt Collection Practices Act; (2) Third Cause of Action for California Unfair Competition Law; (3) Fourth Cause of Action for Declaratory Relief; (4) Fifth Cause of Action for FDCPA; (5) Sixth Cause of Action for Rosenthal Fair Debt Collection Practices Act; and (6) Seventh Cause of Action for Breach of Implied Covenant.

Steele LLP

III. **LEGAL STANDARD**

Pursuant to the provisions of Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-45-46 (1957). Rule 12(b)(6) allows for the dismissal of a claim either where the claim lacks a cognizable legal theory or where insufficient facts are alleged to support the Plaintiff's theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a Rule 12(b)(6) motion, Plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When resolving a Rule 12(b)(6) motion, a court shall construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court is not required, however, to give credit to "conclusory allegations of law and unwarranted inferences." *Jet Source Charter, Inc. v. Gemini Air Grp., Inc.*, No. 07CV433 JLS (JMA) (2007), 2007 U.S. Dist. LEXIS 85308, at *4-6 (S.D. Cal. Nov. 19, 2007); see also *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (9th Cir. 1896) (Courts "need not assume the truth of legal conclusions cast in the form of factual allegations"). A frivolous claim based on meritless allegations or unsupported legal theories may be dismissed by the Court. See *Neizke v. Williams*, 490 U.S. 319, 327 (1989).

IV. **PLAINTIFF'S CLAIMS AGAINST TRUSTEE CORPS ARE BARRED BY THE TRUSTEE PRIVILEGE.**

Any claim by Plaintiff against Trustee Corps is barred by the trustee privilege. The law is clear that the "trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather, a common agent for the trustor and beneficiary. "The trustee's duties "are twofold: (1) to 'reconvey' the deed of trust to the trustor upon satisfaction of the debt owed to the beneficiary, resulting in a release of the lien created by the deed of trust, or (2) to initiate nonjudicial foreclosure on the property upon trustor's default, resulting in a sale of the property." *Rockridge Trust v. Wells Fargo*,

Steele LLP

1  *N.A.*, 985 F. Supp. 2d 1110, 1145 (N.D. Cal. 2013) (citing *Kachlon v. Markowitz*, 168

2  Cal. App. 4th 316, 334 (Cal. App. 2d Dist. 2008) (internal quotations omitted).  "No other

3  common law duties exist." *Kachlon*, 168 Cal. App. 4th at 335.

4          Under California Civil Code section 2924(d), a trustee's actions in carrying out a

5  nonjudicial foreclosure are privileged under California Civil Code section 47.

6  Specifically, Civil Code section 2924(d) states that "[t]he mailing, publication, and

7  delivery of notices as required by this section," and the "[p]erformance of all procedures

8  set forth in this article" constitute privileged communications within Civil Code section

9  47. Cal. *See* Civ. Code § 2924(d); Cal. Civ. Code § 47. Therefore, under the plain

10  language of section 2924(d), the entire foreclosure process through and including the

11  sale, is privileged under section 47.

12          Civil Code section 47 designates certain actions and communications "privileged"

13  and non-actionable. *See* Cal. Civ. Code § 47. Section 47 creates two types of privileges.

14  First, it creates an absolute litigation privilege under subsection (b)(3). Cal. Civ. Code

15  § 47(b)(3). Second, it creates a qualified privilege under subsection (c)(3) that applies to

16  communications made without malice. Cal. Civ. Code § 47(c)(3); *see Kachlon v.*

17  *Markowitz*, 168 Cal. App. 4th 316, 335–36 (Cal. App. 2d Dist. 2008).

18          As part of the privilege, California law affords nonjudicial foreclosure trustees'

19  immunity from liability resulting from any errors caused by their "reliance on

20  information provided in good faith by the beneficiary" unless either (1) those actions are

21  taken with "actual malice" or (2) those actions are taken outside the scope of the duties of

22  a nonjudicial foreclosure trustee. Cal. Civ. Code § 2924(b); *Rockridge Trust*, 985 F.

23  Supp. 2d at 1158.

24      **A.      The Absolute Privilege**

25          Courts apply the absolute litigation privilege created by Civil Code section

26  47(b)(3) broadly to immunize defendants from tort liability for all torts except malicious

27

28

---

MEMORANDUM OF POINTS AND AUTHORITIES

4

prosecution. *See Silberg v. Anderson*, 50 Cal.3d 205 (Cal. 1990); *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1242 (Cal. 2007) (the absolute litigation privilege "immunize[s] defendants from tort liability based on theories of abuse of process, intentional infliction of emotional distress, intentional inducement of breach of contract, intentional interference with prospective economic advantage, negligent misrepresentation, invasion of privacy, negligence and fraud").

### B.   The Qualified Privilege

The "qualified privilege" created by Civil Code section 47(c) also precludes Plaintiff's claims.  The only exclusions to the protection of the qualified privilege are (1) actions taken with actual malice and (2) actions taken outside the scope of the duties of a nonjudicial foreclosure trustee. Cal. Civ. Code § 2924(b); *Rockridge Trust*, 985 F. Supp. 2d at 1158.  To plead actual malice, a plaintiff must plead facts demonstrating "that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for *belief in the truth of the publication* . . . ." *Kachlon*, 168 Cal. App. 4th at 336 (emphasis added); *Rockridge Trust*, 985 F. Supp. 2d at 1158.

### C.   Plaintiff's Claims Against Trustee Corps Fail No Matter Which Privilege Applies

This Court does not need to resolve which level of privilege applies to Trustee Corps in this case because Plaintiff's claims fail no matter which privilege applies— absolute *or* qualified.

If the absolute privilege applies, there is no liability.  Period.  *See, e.g.*, *Rodriguez v. JP Morgan Chase & Co*, 809 F.Supp.2d 1291, 1295 ( S.D. Cal 2015), ("[p]ursuant to section 47 and 2924(d), **MTC has absolute immunity as a foreclosure trustee for certain actions it took related to the foreclosure process, including its issuance of the Notice of Default**. Thus, to the extent Plaintiff is seeking to hold MTC liable for issuing

---

Steele LLP

the Notice of Default, MTC is immune from suit") (emphasis added); *Namvar v. Credit Suisse First Boston Mortgage Securities Corp*., 2016 WL 11000052 (C.D. California) ("Pursuant to section 47 and 2924(d), **Barrett has absolute immunity as a foreclosure trustee for certain actions it took related to the foreclosure process, including its issuance of the Notice of Default.** Thus, to the extent Plaintiff is seeking to hold Barrett liable for issuing the Notice of Default, Barrett is immune from suit") (emphasis added); *Cisneros v. Instant Capital Funding Group, Inc*., 263 F.R.D. 595, 610 (E.D. Cal. 2009) ("The section 2924(d) privilege extended through California Civil Code section 47 applies to tort claims other than malicious prosecution . . .. Trustee Corps' alleged wrongs are subject to section 2924(d) immunity."); *Garretson v. Post*, 156 Cal.App.4th 1508 (2007) (legislature extended absolute litigation privilege to nonjudicial foreclosures to protect trustees performing their contractual/statutory duties).

 If the qualified privilege applies, the Complaint still fails because Plaintiff has not, and cannot, allege facts demonstrating "actual malice" on the part of Trustee Corps. Indeed, there are no factual allegations demonstrating that Trustee Corps' actions in recording the foreclosure documents and conducting the foreclosure sale was "motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for *belief in the truth of the publication*" within the meaning of "actual malice" under *Kachlon*.

 In summarizing this rule of law, the Court in *Webb v. Indymac Bank Home Loan Servicing, 2010 U.S. Dist. LEXIS 6595, (E.D. Cal. 2010)* dismissed claims against Trustee Corps and stated, in pertinent part:

> "**All of the claims alleged against Trustee Corps arise out of its performance of the non-judicial foreclosure procedures enumerated in the California Civil Code as agent for the beneficiary of plaintiffs' loan**. The allegations against Trustee Corps stem from its alleged misrepresentations of its right to foreclose on plaintiffs' property and subsequent actions in foreclosing on the property. Plaintiffs have not pled any facts that demonstrate that Trustee Corps acted with malice during the

Steele LLP

foreclosure process. **Trustee Corps's actions are clearly privileged under California law and accordingly plaintiffs cannot succeed on any of their claims against Trustee Corps.** (*Id.* at *7-8; emphasis added.)

Indeed, Plaintiff's Complaint is devoid of any allegations against Trustee Corps, and the only actions taken by Trustee Corps with respect to Plaintiff and the subject loan were the recordation of foreclosure documents at the request of the beneficiary.  Pursuant to Civil Code section 2924(d), Trustee Corps was entitled to rely on representations from the beneficiary that the loan was in default. Section 2924(b) expressly provides that:

> "In performing acts required by this article, **the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default** under the secured obligation, deed of trust, or mortgage." (*Id.*) (Emphasis added.)

Trustee Corps had absolutely no involvement in originating or servicing Plaintiff's Loan.  Further, to the extent that Plaintiff implies that Trustee Corps had a duty to investigate whether the loan was in default before recording the foreclosure notices, no such duty exists.  Indeed, the law is clear that a foreclosure trustee, such as Trustee Corps, has **no duty** to inquire as to the beneficiary's compliance with contractual provisions giving it the right to foreclose.  *See Fonteno v. Wells Fargo Bank, N.A.,* 228 Cal. App.4th 1358 (2014).  Likewise, Trustee Corps has no duty to investigate the status of the underlying debt.  *See Fleisher v. Continental Auxiliary Co.*, 215 Cal.App.2d 136, 138-140 (1963) ('the case authority in California does not support the imposition of any further duty on the trustee, such as to make inquiry as to the status of the underlying debt before making a reconveyance."); *see also Citrus El Dorado, LLC v. Chicago Title Co.*, 32 Cal.App.5th 943, 949 (2019) (foreclosure trustee has no duty to verify that the beneficiary has received a valid assignment of the loan or to verify the authority of the person who signed the substitution of trustee and no liability for its failure to do so).

In summary, Plaintiff's claims against Trustee Corps fail no matter which privilege applies.  All of Plaintiff's claims against Trustee Corps arise solely from its role

MEMORANDUM OF POINTS AND AUTHORITIES
7

in the foreclosure process.  As such, Plaintiff's claims fall squarely within the trustee privilege granted by Civil Code section 2924(d) and section 47.  Trustee Corps' performance of its duties as a nonjudicial foreclosure trustee are protected by both the absolute and qualified privilege. Plaintiff's claims must therefore be dismissed.

## V.    PLAINTIFF'S CLAIMS AGAINST TRUSTEE CORPS FAIL AS TRUSTEE CORPS IS AFFORDED IMMUNITY UNDER "AGENT'S IMMUNITY RULE" FOR ITS CONDUCT AS AN AGENT FOR A DISCLOSED PRINCIPAL.

Trustee Corps cannot be held liable for any allegedly unlawful actions taken by Land Home under California's "agent's immunity rule."  It is clear Trustee Corps was an agent for a disclosed principal, RRA. (*See*, RJN, Ex. 4.)  As a result, Trustee Corps, under the agent's immunity rule, cannot be sued.  *Black v. Bank of America* (1995) 30 Cal.App.4th 1.

 "Under that rule, 'an agent is not liable for conspiring with the principal when the agent is acting in an official capacity on behalf of the principal.'" *Jacobson v. Balboa Arms Drive Tr.*, No. 10-CV-2195-JM (RBB), 2011 U.S. Dist. LEXIS 80281, at *32 (S.D. Cal. Apr. 4, 2011) citing *Panoutsopoulos v. Chambliss* (2007) 157 Cal. App. 4th 297, 304).  *Jacobson* was a wrongful foreclosure case against Trustee Corps.  The Court in *Jacobson* granted Trustee Corps' Motion to Dismiss and held that based on the "agent's immunity rule," "Trustee Corps is also immune from liability for any of OneWest's actions under this common law rule." (*Id.* at 32-33.)

Exceptions to the rule exist "when the agent is alleged to have acted at least partially in furtherance of its own financial gain or in violation of its own duties to the plaintiff." (*Id*. at 32.)  Similarly to *Jacobson*, Plaintiff's Complaint does not (and cannot) assert that Trustee Corps ever departed from its agency role, or that Trustee Corps derived some separate financial benefit from its allegedly wrongful actions.  Therefore,

Steele LLP

Trustee Corps' Motion to Dismiss should be granted with prejudice on this ground as well.

## VI.   PLAINTIFF FAILED TO ALLEGE ANY VIABLE CLAIM AGAINST TRUSTEE CORPS

### A.  The Second and Sixth Cause of Action for Violation of Rosenthal Fair Debt Collection Practices Act Fails.

In his second and sixth causes of action, Plaintiff contends that Trustee Corps and the remaining defendants violated California Civil Code section 1788.17, which is part of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), "when they attempted to collect retroactively assessed interest and late fees that were illegal…attempted to foreclosure on Plaintiff's home…[t]he Notice of Default that Plaintiff received did not contain the correct amount of the delinquency required to cure the default…[a]ny other action that Defendants took towards the foreclosure of Plaintiff's property…" (Compl., ¶¶ 85, 117-118). Plaintiff's allegations are insufficient to allege a violation of RFDCPA.

The RFDCPA regulates the practice of debt collection in California and requires compliance with the federal Fair Debt Collection Practices Act ("FDCPA"). *Hovey v. F.S.B.*, 2022 WL 18216093, *4 (C.D. Cal., 2022).  "Among other things, the FDCPA prohibits debt collectors from making false representations of 'the character, amount, or legal status of any debt…'" (*See id*.)  However, as explained above, foreclosure notices and notices of default that are part of the nonjudicial foreclosure process are privileged communications under California law. *Id*., citing Cal. Civ. Code § 2924 and *Schep v. Capital One, N.A*., 12Cal.App.5th 1331, 1336 (2017).

Moreover, not only is Trustee Corp protected by the trustee privilege in commencing foreclosure actions, but Trustee Corps was not acting as a "debt collector" for purposes of the RFDCPA, as it has been held that "[**f]oreclosure pursuant to a deed of trust does not constitute debt collection under the RFDCPA.**" *Clark v. Countrywide Home Loans, Inc*., 732 F.Supp.2d 1038, 1048 (E.D. Cal. 2010) (citations

Steele LLP

omitted).

Finally, Civil Code section 1788.17 provides that, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." This provision incorporates most of the provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. For the reasons stated below, Trustee Corps did not violate any of those provisions. For these reasons, Plaintiff's claim for violation of RFDCAP must fail against Trustee Corps.

**B. The Third Cause of Action for California Unfair Competition Law Fails.**

In his third cause of action, Plaintiff contends that the defendants, including Trustee Corps, violated California's Unfair Competition Law ("UCL"), Business and Professions Code section 17200 *et seq*., by violating "TILA, the FDCPA, and the Rosenthal Act…fail to communicate fees and interest for years….made false statements about the amounts legally owed by Plaintiff…" (Compl., ¶¶ 94-96).  However, "a cause of action under § 17200 cannot be maintained if other causes of action based on the same factual allegations fail." *Mills v. JP Morgan Chase Bank, N.A*., No. 1:16-cv-00665-DAD EPG, 2016 U.S. Dist. LEXIS 118469, at *11 (E.D. Cal. Aug. 31, 2016) (citing *Krantz v. BT Visual Images, L.L.C*., 89 Cal.App.4th 164, 178 (2001) ("[claims] for relief under the unfair competition law stand or fall depending on the fate of the antecedent substantive causes of action").). Here, because Plaintiff's other claims fail against Trustee Corps on the grounds set forth above and below, this cause of action must also fail.

Moreover, Plaintiff lacks standing to pursue a claim for violation of section 17200 against Trustee Corps. Section 17204 restricts standing to those plaintiffs who can establish an economic injury and show that the economic injury was caused by the unfair business practice or false advertising that is the gravamen of the claim. *Kwikset*

Steele LLP

*Corp. v. Superior Court*, 51 Cal.4th 310, 322 (cal. 2011). Here, Plaintiff has failed to allege any wrongdoing on the part of Trustee Corps. Instead, Plaintiff has brought this lawsuit against Trustee Corps solely due to Trustee Corps' actions in commencing foreclosure, which actions are protected by the trustee privilege. Therefore, to the extent that any foreclosure proceedings purport to form the basis of their unfair business practices claim against Trustee Corps, Plaintiff has failed to allege any facts demonstrating that any alleged injury was caused by any prohibited business act or practice by Trustee Corps. Thus, Plaintiff's claim should be dismissed.

### C. The Fourth Cause of Action for Declaratory Relief Fails.

In his fourth cause of action, Plaintiff claims declaratory relief against the defendants, including Trustee Corps, because Plaintiff was "not provided periodic statements…" (Compl., ¶ 102.)  As stated above, Defendant was the foreclosure trustee and not responsible for issuing mortgage statements to Plaintiff.  "[A] court may dismiss a declaratory relief claim if the claim is duplicative of, substantially similar to, or commensurate with relief sought under another cause of action." *Blue Novis, Inc. v. United States All. Grp., Inc.*, No. SACV 20-01280JVS(DFMx), 2021 U.S. Dist. LEXIS 20936, at *13 (C.D. Cal. Jan. 27, 2021) (dismissing declaratory relief claim as it was based on plaintiff's lack of status as an intended third-party beneficiary); *see also Allied Anesthesia Med. Grp., Inc. v. Inland Empire Health Plan* (2022) 80 Cal. App. 5th 794, 813 ("Plaintiffs' declaratory relief claim is derivative of their other claims. Because they failed to state sufficient facts to support their other claims, the trial court did not err in sustaining IEHP's demurrer to the declaratory relief cause of action without leave to amend.")

Plaintiff's fourth cause of action for Declaratory Relief also fails against Trustee Corps.  Plaintiff seeks a declaration as to the parties' respective rights and obligations under the Loan.  As Trustee Corps asserts no interest in the Loan or Property, it is not a proper party to Plaintiff's Declaratory Relief claim. Trustee Corps' Motion to Dismiss the fourth cause of action should also be granted.

Steele LLP

1

2 **D.  The Fifth Cause of Action for FDCPA Fails.**

3      To prevail under the Federal Debt Collection Practices Act ("FDCPA"), a

4 plaintiff must prove that the defendant is a "debt collector" who is trying to collect a

5 "debt" from the plaintiff in violation of some provision of the FDCPA. *Obduskey v.*

6 *Wells Fargo* 879 F.3d 1216, 1219 (10th Cir. 2018).

7      Here, Plaintiff has failed to allege any violation of the FDCPA by Trustee Corps

8 and claims that the Defendants, including Trustee Corps, violated the FDCPA "when

9 they attempted to foreclose on Plaintiff's property." (Compl., ¶ 108.)  Indeed, Plaintiffs'

10 Complaint is devoid of any specific allegations of wrongdoing against Trustee Corps

11 with respect to the FDCPA or otherwise. *See Karen Smith v. US Bank, N.A.*, 2012 WL

12 13012651, *2 (C.D. Cal. 2012) ("This claim not only lacks specific factual allegations

13 that would put Defendants on notice of how they purportedly violated the law but also

14 is legally insufficient to state a claim under the FDCPA.").

15      Notwithstanding the Complaint's pleading deficiencies, Plaintiff's inclusion of

16 Trustee Corps as a defendant in this cause of action is misguided. Trustee Corps was

17 not acting as a "debt collector" for purposes of the FDCPA by recording the foreclosure

18 notices. Not only were Trustee Corps' actions legally protected by the Trustee

19 Privilege, the law is clear that "actions taken to facilitate a non-judicial

20 foreclosure…**are not attempts to collect 'debt' as that term is defined by the**

21 **FDCPA**." *Ho v. Recontrust Co*., NA, 858 F.3d 568, 572 (9th Cir. 2016) (emphasis

22 added); see also, *Obduskey v. McCarthy & Holthus LLP,* 139 S. Ct. 1029, 1038 (U.S.

23 2019) ("[B]ut for [15 U.S.C.] "those who engage in only nonjudicial proceedings are

24 not debt collectors within the meaning of the [FDCPA].").

25      Trustee Corps is also not considered a "debt collector" for purposes of the

26 FDCAP. While "any person who uses any instrumentality of interstate commerce or the

27 mails in any business the principal purpose of which is the enforcement of security

28 interests" is a "debt collector" (15 U.S.C. §§ 1692a(g), 1692f(6)), Plaintiff has failed to

Steele LLP

allege any facts demonstrating that the principal purpose of Trustee Corps' business is "the enforcement of security interests." As the foreclosure trustee, Trustee Corps had a legal right and obligation to record the foreclosure notices and commence foreclosure. Accordingly, Plaintiff cannot allege a viable FDCPA claim against Trustee Corps.

### E.  The Seventh Cause of Action for Breach of Implied Covenant Fails.

Plaintiff seemingly contends in his seventh claim that defendants, including Trustee Corps, should be liable for breach of implied covenant of good faith and fair dealing "[b]y failing to transmit a single monthly statement for over six years and ceasing all collection activities until they recorded a Notice of Default." (Compl., ¶ 127). Notwithstanding that Trustee Corps' actions are protected by the trustee privilege described above, Plaintiffs' allegations are insufficient to demonstrate any breach of covenant by Trustee Corps.

The elements of a cause of action for breach of contract are: "'(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff.'" *Hamilton v. Greenwich Investors XXVI, LLC,* 195 Cal.App.4th 1602, 1614 (2011).  Similarly, a "[b]reach of the covenant of good faith and fair dealing is nothing more than a cause of action for breach of contract." *Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga,* 175 Cal.App.4th 1306, 1344 (2009). The covenant of good faith and fair dealing is implied by law in every contract. *Guz v. Bechtel National, Inc.,* 24 Cal.4th 317, 349 (2000). It exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made. It does not impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement and it cannot contradict the express terms of a contract. *Guz,* 24 Cal.4th at 349–350; *see also*, *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.,* 100 Cal.App.4th, 44, 55 (1992).

Here, Plaintiffs failed to allege any facts demonstrating a contract between Trustee Corps and Plaintiff. (See Complaint, generally). Plaintiff alleges that he "was in a contractual relationship with both Defendants under the Deed of Trust."  (Compl., ¶ 125.)

Steele LLP

This is false as Trustee Corps is **not** a party to the Deed of Trust.  (RJN, Ex. 1.)  Plaintiff's inability to allege a valid contract between the parties is fatal to his breach of covenant claim.

In addition, the allegations in the Complaint do not, and cannot, demonstrate any breach of implied covenant by Trustee Corps. As explained above, Trustee Corps is the substituted nonjudicial foreclosure trustee under the Deed of Trust. It was not the originator of the loan, the beneficiary, the lender, or the servicer, and was not responsible for mailing monthly mortgage statements to plaintiff.  Indeed, as described above, under the Deed of Trust, its duties "are twofold: (1) to 'reconvey' the deed of trust to the trustor upon satisfaction of the debt owed to the beneficiary, resulting in a release of the lien created by the deed of trust, or (2) to initiate nonjudicial foreclosure on the property upon trustor's default, resulting in a sale of the property." *Rockridge Trust v. Wells Fargo, N.A.*, *supra*, 985 F. Supp. 2d 1110, 1145.  Trustee Corps complied with its duty and initiated the nonjudicial foreclosure process at the direction of the beneficiary, and Trustee Corps was entitled to rely on information provided in good faith by the beneficiary.

For these reasons, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must fail against Trustee Corps.

## VII.    CONCLUSION

For the reasons set forth above, Trustee Corps respectfully requests that this Court grant its Motion and dismiss the Complaint as to Trustee Corps *with* prejudice.


DATED:  May 9, 2025                           **STEELE LLP**

                                              By: _____
                                                  John C. Steele
                                                  Attorneys for Defendant
                                                  MTC Financial Inc. dba Trustee Corps

---

Steele LLP

# PROOF OF SERVICE

I, Brandon Quon, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to this action.  My business address is 17272 Red Hill Avenue, Irvine, California 92614.  On May 9, 2025, I served a copy of the following document(s):

**DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**

☐       By transmitting via electronic filing the document(s) listed above using my email address (bquon@steelellp.com) and the electronic filing service GreenFiling Service to the email address set forth below:

☐       By depositing the document(s) listed above in a sealed envelope with prepaid postage with the United States Postal Service, Irvine, California, or by placing the envelope for collection and mailing following our ordinary business practices.

I am readily familiar with this firm's business practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope, postage prepaid.

☐       By transmitting via my email address (bquon@steelellp.com) the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

■       By the Court's CM/ECF Electronic Case Filing System ("ECF") via Notice of Electronic Filing ("NEF"). I checked the CM/ECF docket for this case and determined the the following persons are on the Electronic Mail Notice List to receive NEF Transmission at the email addresses stated below:

Jennifer L Andrews: jennifer.andrews@kutakrock.com
Araksya Boyadzhyan: araksya@mgdesyanlaw.com
Charles Christopher McKenna: charles.mckenna@kutakrock.com,irvineintake@kutakrock.com,alexis.acevedo@kutakrock.com

**Steele**LLP

George G. Mgdesyan:
george@mgdesyanlaw.com,hayk@mgdesyanlaw.com,christina@mgdesyanlaw.com,araksya@mgdesyanlaw.com,anahit@mgdesyanlaw.com
John C Steele:
jsteele@steelellp.com,rsoriano@steelellp.com,ecf@steelellp.com,bquon@steelellp.com
Brian John Wagner:
brian.wagner@kutakrock.com,mary.clark@kutakrock.com,irvineintake@kutakrock.com

I declare under penalty of perjury under the law of the State of California and the United States that the foregoing is true and correct.

Brandon Quon

---

PROOF OF SERVICE
2

Steele LLP